UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA ROCHA, | ) | No. ED CV 12-00264-VBK |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

|   |   |
|---|---|
| 1 | considered the opinions of treating physicians Dr. Goldman, |
| 2 | Dr. Steiger and Dr. Tremazi; |
| 3 | 2. Whether the ALJ provided a complete and accurate assessment |
| 4 | of Plaintiff's residual functional capacity; |
| 5 | 3. Whether the ALJ poses complete hypothetical questions to the |
| 6 | vocational expert; and |
| 7 | 4. Whether the ALJ's credibility determination is supported by |
| 8 | clear and convincing evidence. |

(JS at 2-3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ DID NOT PROPERLY CONSIDER THE OPINIONS OF**

**TREATING PHYSICIANS DRS. GOLDMAN, STEIGER AND TREMAZI**

The ALJ determined that Plaintiff has severe musculoskeletal impairments consisting of carpal tunnel syndrome, cervical spine degenerative disc disease and impingement syndrome of the right shoulder. (AR 12.) He assessed a Residual Functional Capacity ("RFC") to perform light work with postural limitations (climbing ramps/ stairs, balancing, stooping, kneeling, crouching and crawling) on an occasional basis; an inability to climb ladders, rugs or scaffolds; and limitation of handling and fingering to "frequently but not continuously." (AR 13.)

As a result of an industrial accident, Plaintiff received

treatment and was also examined in the Workers Compensation context.

On March 19, 2007, Plaintiff's primary treating physician, Scott Goldman, M.D., a board certified orthopedic surgeon, reported that Plaintiff has normal range of motion of the right wrist and digits of the right hand, decreased sensation in the index and middle finger, and has "impairment with regard to grasping and tactile discrimination." It was indicated that she reached her maximum medical improvement as of March 19, 2007. (AR 204.) Dr. Goldman assessed that in a work context she can do no fingering or gripping, and cannot lift greater than ten pounds with the right upper extremity. Dr. Goldman prepared his report as a Qualified Medical Examiner ("QME"); thus, the report was written in the Workers Compensation context.

Dr. Ralph Steiger, a Diplomate of the American Board of Orthopedic Surgery, prepared a report on December 2, 2007. (AR 267-272.) He diagnosed numerous musculoskeletal impairments. (AR 267-270.) He assessed restrictions of no "repetitive" pushing, pulling, reaching or lifting as well as no "repetitive" work at or above shoulder level. Further, Plaintiff should avoid any "repetitive" gripping, grasping or pinching and no keyboarding more than 50% of the workday. Due to her cervical spine injury, he opined that she should avoid any "repetitive" neck movement or "prolonged" fixed gaze in a flexed or extended position, or any heavy lifting. Finally, as a result of her lumbar spine injury, Dr. Steiger assessed that Plaintiff is precluded from heavy lifting or "repeated" bending and stooping. (AR 270.)

Plaintiff was treated by Dr. Tremazi, whose specialty appears to be internal medicine and rheumatology (AR 350), between October 2,

2008 and March 11, 2009. Based on his examinations, Dr. Tremazi completed a form in which he assessed that Plaintiff could only occasionally twist, stoop, crouch, climb stairs, and could never climb ladders. The following physical functions were affected by her impairment: reaching, including overhead; handling (gross manipulation); fingering (fine manipulation); feeling; and pushing/pulling. (AR 409.)

The ALJ discussed the opinions of these physicians, but his reasons for discrediting them are the reason that this matter will be remanded. Thus, he indicated he did not give "great weight" to Dr. Goldman's opinion that Plaintiff could not finger, grip or lift greater than ten pounds with her right upper extremity. He stated,

> "First, this opinion was given in connection with her workers' compensation case. A decision or determination by any other agency about whether an individual is disabled is based on its rules. The Social Security Administration must make a disability determination based on Social Security law; therefore, an opinion or determination made by another agency that an individual is disabled is not binding on the undersigned (20 C.F.R. § 404.1504)."

(AR 16.)

The Commissioner, in his portion of the JS, reiterates this rationale, but it is misplaced. The actual language in 20 C.F.R. § 404.1504 references "a decision" by any other agency about whether someone is "disabled." That is certainly correct, and case law is in line with that language. See Booth v. Barnhart, 181 F.Supp.2d 1099, 1105-1106 (C.D. Cal. 2002); Desrosiers v. Sec'y Health & Human Servs.,

4

846 F.2d 573, 576 (9th Cir. 1988). But here, it is not an opinion as to disability which is relevant, but rather, the opinions of examining and treating physicians regarding specific functional limitations. Simply rejecting these opinions because they were rendered in the Workers Compensation context falls short of the legal standard. If there are terms of art which are utilized in medical evaluations, such as "repetitive," "prolonged," or similar terms, it is the job of the ALJ to translate the meaning of such terms into the Social Security context. But here, Dr. Goldman rendered a specific opinion that Plaintiff was not capable of fingering or gripping with her right upper extremity. This would not appear to be something that depends on workers compensation terminology, but is simply a medical opinion.

The ALJ also indicated that he would give lesser weight to these physicians, who provided opinions in the workers compensation context because the opinions, rendered in 2007, do not reflect Plaintiff's condition in the intervening years or at the present time. As evidence of this, the ALJ cited a rheumatology consultative examination ("CE") performed on October 2, 2008 which indicated that Plaintiff had full range of motion in her hands, wrists, elbows, shoulders, cervical spine, hips, knees and ankles. (AR 16, citing evidence from Chaparral Medical Group, at AR 368.) But this misses the point, because it is not range of motion that is of primary concern here, but, rather, fingering and dexterity. Similarly, the ALJ's citation to a March 11, 2009 examination in which he relied upon a medical notation of "no neurological deficits in the upper extremities" simply cites some "check-the-box" forms under the term "Neurological." The Court finds this to be wholly insufficient to depreciate the opinions rendered by Plaintiff's treating and examining

physicians, whether or not they were rendered in the workers compensation context.

Assuming, as the Commissioner does for purposes of argument, that the functional assessments contained in a "Medical Opinion re: Ability to do Work-Related Activities (Physical)" were completed by Dr. Tremazi or another recognized medical professional (see JS at 16, and AR at 408-410), the ALJ concluded that this form would be depreciated in value because there was no laboratory or clinical evidence in support of these findings. (AR 17.)  This conclusion will have to be reexamined on remand.  If the form was, as Plaintiff claims, prepared by Dr. Tremazi, then it was something that was supported by Dr. Tremazi's own independent evaluations and examinations, which are contained in the AR. Since the form was apparently obtained by the same law office as presently represents Plaintiff (see AR at 408), on remand, the question of who prepared this form should be easily determined.  Moreover, since Plaintiff was represented at the hearing before the ALJ by counsel (see AR at 24), this issue could have been easily clarified either on the record at the hearing, or by development of the record through counsel's inquiry, as directed by the ALJ.  This did not occur, and the onus falls on the ALJ for failing to do so.

The Court's determination that error was committed regarding the first issue is of necessity dispositive as to the second issue, which is whether the ALJ provided a complete and accurate assessment of Plaintiff's RFC.  This was based upon the ALJ's depreciation of the opinions of the physicians discussed in Issue No. 1, a matter which will be revisited de novo on remand.  Similarly, as to the third issue, which concerns whether the ALJ posed complete hypothetical

questions to the VE, this will be revisited on remand, based upon a <u>de novo</u> evaluation of the opinions of Plaintiff's physicians.

Since, on remand, all issues will be examined <u>de novo</u>, including Plaintiff's credibility, the Court will only spend a short amount of time on Issue No. 4. Numerous reasons were provided by the ALJ for depreciating Plaintiff's credibility. One of them was that because Plaintiff can still drive an automobile, the problems she complained of regarding grasping things with her hands are not entitled to be evaluated as credible. The Court does not see the connection between fingering and manipulative difficulties and an ability to drive a car. This should be further explored at the remand hearing. In addition, the ALJ's assessment that Plaintiff exaggerated her symptoms would appear to be based upon isolated comments of a somewhat speculative nature by Plaintiff's treating psychiatrist, Dr. Tenase. There would appear to similar speculative conclusions drawn by the ME, Dr. Jackson, in January 2008. Dr. Jackson speculated that with regard to certain complaints, Plaintiff either has a poor memory or she is attempting to cover up the situation. (AR 251.) Maybe Plaintiff does have a poor memory. The Court cannot view Dr. Jackson's speculative comments as sufficient to support a negative credibility determination.

Plaintiff's credibility will be evaluated <u>de novo</u> on remand.

This matter will be remanded for further hearing pursuant to the instructions set forth in this Opinion.

**IT IS SO ORDERED**.

DATED: December 3, 2012            /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

7